FILED
CLERK, U.S. DISTRICT COURT

APR - 5 2018

CENTRAL DISTRICT OF CALIFORNIA
BY: ____RS____ DEPUTY

1   Matthew Carroll, BE1109

2   5501 North La Palma Rd.

3   Eloy, AZ 85131

4

5

6

7                    **UNITED STATES DISTRICT COURT**

8                    **CENTRAL DISTRICT OF CALIFORNIA**

9

10  MATTHEW CARROLL                  )   **CASE NUMBER** 2:18-CV-02799-MWF-AS
                                     )
11          Plaintiff,               )
                                     )   Complaint under the Civil Rights Act 42
12          vs.                      )   USC 1983
                                     )
13                                   )
    CITY OF TORRANCE, an incorporated )
14  municipality, Eve Irvine, an individual, Rios, )
    an individual, Kuet, an individual and DOES )
15  1-50 inclusive.                  )
                                     )
16          Defendants.              )
                                     )
17  ─────────────────────────────────)

18                         **INTRODUCTION**

19          On April 3, 2017, Matthew Carroll was sitting on his motorcycle in a Torrance

20  residential community speaking on his cell phone when he was terrorized by Torrance police

21  officers.  Officers deliberately and maliciously drove their patrol vehicle into the Plaintiff's

22  motorcycle striking it and forcing it to collide with Plaintiff's motorcycle. Once on the ground,

23  Officer Rios ran up on the defendant, immediately grabbed his arm and twisted his arm in a

24  violent manner until the elbow was dislocated.

25                      **GENERAL ALLEGATIONS**

26          1.      Jurisdiction is proper in the United States District Court for the Central District

27  of California pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3) and (4), <u>et. seq</u>.

28  ///

RECEIVED
CLERK, U.S. DISTRICT COURT

APR - 2 2018

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

2.     This Court has supplemental jurisdiction over the pendent state law claims under 28.U.S.C. § 1367(a).

3.     Venue is proper in the Central District of California because the acts or omissions which form the basis of the Plaintiff's claims occurred in the city of Torrance, California, within the Central District.

4.     Plaintiff has complied with Government Code §§ 800 *et seq.*

## PARTIES

5.     At all times relevant to this complaint, Plaintiff was an individual residing in Los Angeles County, California.

6.     At all times relevant to this complaint, Defendant Rios was an individual believed to reside in Los Angeles County, California.

7.     At all times relevant to this complaint, Defendant Kuet was an individual believed to reside in Los Angeles County, California.

8.     At all times relevant to this complaint, Defendant Eve Irvine who was the chief of Torrance Police Department and a policy-maker.

9.     At all times relevant to this complaint, Defendant Torrance was a municipal corporation operating in Los Angeles County, California and operating the Torrance Police Department and employing the individual defendant officers, who were acting within the scope of their employment.

10.     Plaintiff is truly ignorant of the true names and capacities of DOES 1 through 50, inclusive, and/or is truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

## FACTS

11.     Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference.

12.     In the late evening on April 3, 2017, Matthew Carroll drove his motorcycle to the residential community near 4133 Cathann Street in the City of Torrance.

13.   Carroll had been sitting on his motorcycle in this area speaking on his cell Phone when he was terrorized by Torrance police officers.

14.   The incident began when an individual who Plaintiff later came to understand was one of the officers who approached him from behind, and without identifying himself.

15.   The officer approached from behind without identifying himself and yelled to get off the bike.

16.   Having not seen the officer, the Plaintiff believed that one of the neighbors was ordering the Plaintiff off his bike.

17.   Plaintiff did not observe officers' presence due the rear direction of their approach and the lack of lighting.

18.   As a result, Plaintiff started his motorcycle and immediately drove off rather than engage in a confrontation with the neighbor.

19.   Plaintiff never evaded the police and they never turned on their overhead lights or sirens.

20.   The Defendants never identified themselves to Plaintiff nor signaled him in any way to stop.

21.   While making a legal eastbound turn onto Artesia Blvd, Plaintiff lost control of his motorcycle and rolled upon the ground.

22.   While Plaintiff was attempting to regain his balance, the officers deliberately and maliciously drove their patrol vehicle into the Plaintiff' motorcycle striking it and forcing it to collide with Plaintiff's motorcycle.

23.   The subsequent force of the impact caused the Plaintiff's feet to leave the ground and sent him backwards approximately 5-10 feet.

24.   Once on the ground, Officer Rios ran up on the defendant, immediately grabbed his arm and twisted his arm in a violent manner until the elbow was dislocated.

25.   Plaintiff was first made aware of the officers' presence only after the officer collided his patrol vehicle with the Plaintiff's motorcycle and attacked him.

///

## FIRST CAUSE OF ACTION

**(Civil Rights Action (42 U.S.C. § 1983) Unlawful Stop and Detention against Defendants Rios and Kuet and Does 1-50)**

26.    Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

27.    42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

28.    Plaintiff had a firmly established right under the Fourth Amendment to be free from unreasonable seizure.

29.    A detention without reasonable suspicion that a citizen has committed a crime violates the Fourth Amendment prohibition on unreasonable searches and seizure.

30.    A police officer may stop and briefly detain a citizen based on a reasonable suspicion of involvement in a crime.

31.    Plaintiff had committed no criminal offense or a traffic offense while he sat on his motorcycle speaking on his cell phone. Nor had a criminal offense or traffic offense been committed when officer Rios and/or Officer Kuet initiated the stop.

32.    Officers did not provide dispatch with any information relative to the plate number; by the time Rios and Kuet claimed to make a lawful stop of the Plaintiff. There was no information conveyed to or from dispatch that would support officer's claim that they were in pursuit of a person failing to stop.

33.    Defendants knew that there was no basis for a stop.

34.    Defendants acted unreasonably in their assertion or claim for stopping Plaintiff's motorcycle.

///

35.     Because of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

## SECOND CAUSE OF ACTION

**(Violation of 42 U.S.C. § 1983 RETALIATION against Defendants Rios, Kuet and Does 1-50)**

36.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

37.     Plaintiff had a Fourth Amendment right be sitting on his motorcycle at the time on that day and to free from unreasonable stop or detention when there is no articulable cause or perceived violation of any law.

38.     Defendants were angry with Plaintiff once he was on the ground along with his motorcycle believing that he had intentionally evade their efforts to stop or detain Plaintiff.

39.     Because of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

## THIRD CAUSE OF ACTION

**(Civil Rights Action (42 U.S.C. § 1983) Excessive Force against Defendants Rios,  Kuet and Does 1-50)**

40.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

41.     Plaintiff had a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress.

42.     Plaintiff had a firmly established right to be free from excessive force being used against him.

43.     On April 3, 2017 Plaintiff MATTHEW CARROLL posed no threat to Defendants when they used excessive force.

44.     There was no basis for the initial traffic stop.

///

45.     There was no need for use of any force in this situation because there was no probable cause for an arrest.

46.     The use of force once Plaintiff was on the ground, after losing control of his motorcycle, after officers deliberately and maliciously drove their patrol vehicle into the Plaintiff's motorcycle, after officer's vehicle struck it and forced it to collide with the Plaintiff, after the subsequent force of the impact caused the Plaintiff's feet to leave the ground and sent his him backwards approximately 5 – 10 feet, immediately grabbing his arm and twisting his harm in a violent manner until the elbow was dislocated was unnecessary and excessive.

47.     Defendants acted under color of state law in violating Plaintiff's rights.

48.     Defendants were acting in purported compliance with a policy promulgated by the Torrance Police Department, in using force against citizens who had broken no law.

49.     During the relevant period, defendants were acting under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the State of California and the City of Torrance.

50.     Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that use of force in these circumstances was illegal under clearly established law.

51.     The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution which has also legally, proximately, and foreseeably caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, and further damages according to proof at the time of trial.

52.     The conduct alleged herein was done in deliberate or reckless disregard of and plaintiff's constitutionally protected rights; justifying the award of exemplary damages against defendant officers in an amount according to proof at the time of trial to deter the defendant from engaging in similar conduct and to make an example by way of monetary punishment.

53.     Plaintiff is also entitled to attorney fees and costs of suit herein.

///

///

## FOURTH CAUSE OF ACTION

**(Civil Rights Action (42 U.S.C. § 1983) False Arrest against Defendants Rios, Kuet and**

**Does 1-50)**

54.     Plaintiff realleges all prior paragraphs of tis complaint and incorporates the same herein by this reference.

55.     Plaintiff had a firmly established right under the Fourth Amendment to be free from arrest without probable cause.  Defendants arrested MATTHEW CARROLL without a warrant despite the fact that they had committed no crime.

56.     Defendants arrested MATTHEW CARROLL without probable cause.

57.     Defendants were at this time performing their duties as officers for the defendant, City of Torrance.

58.     During the relevant period, Defendants were acting under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the State of California and the City of Torrance.

59.     The Defendants, separately and in concert, engaged in the illegal conduct to the injury of the Plaintiff, and deprived Plaintiff of the rights, privileges and immunities secured to them by the Fourth Amendment to the Constitution of the United States and the laws of the United States.  Defendants acted with callous disregard for the constitutionally protected rights of Plaintiff.

60.     Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Defendants' actions.

61.     Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional relief as the Court deems just.

///

///

///

///

## FIFTH CAUSE OF ACTION

**(Civil Rights Action (42 U.S.C. § 1983 False Imprisonment against Defendants Rios, Kuet and Does 1-50)**

62.    Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference.

63.    Defendants unlawfully detained Plaintiff for an unreasonable period of time after they knew or should have known that he had committed no crimes.

64.    False imprisonment is the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short.

65.    The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of California Civil Code § 3294 *et seq.* and punitive damages should be assessed against each defendant for the purpose of punishment and for the sake of example.

66.    As a result of Defendants' actions, Plaintiff suffered damages to the amount to be proven at trial.

## SIXTH CAUSE OF ACTION

**(Civil Rights Action (42 U.S.C. § 1983) Malicious Prosecution against Defendants Rios, Kuet  and Does 1-50)**

67.    Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

68.    Defendants Rios and Kuet intentionally and maliciously instituted a legal action against Plaintiff without probable cause.

69.    The criminal case against Plaintiff was resolved.

70.    Defendants acted with reckless disregard of the law and of the legal rights of Plaintiff in causing a criminal proceeding to begin.

71.    Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Defendants' actions.

///

72.     Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional relief as the Court deems just.

## SEVENTH CAUSE OF ACTION

### Assault against Defendants Rios, Kuet and Does 1-50

73.     Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference.

74.     Defendants assaulted MATTHEW CARROLL by intentionally placing him in imminent apprehension of physical violence.

75.     Defendants acted with an intent to cause harmful or offensive contact with the Plaintiff and the intended harmful or offensive contact did in fact occur.

76.     The harmful or offensive contact was not privileged nor consented to and was excessive, unreasonable and done with deliberate indifference to the rights and safety of Plaintiff and was done with the intent to inflict punishment, above and beyond the reason for using the force in the first place.

77.     As a result of the Defendants' intent to cause harmful or offensive contact with Plaintiff and the fact that the intended harmful or offensive contact did in fact occur, Plaintiff suffered damages according to proof at the time of trial.

78.     Defendants' conduct also amounts to oppression, fraud or malice and punitive damages should be assessed against them for the purpose of punishment and for the sake of example.

## EIGHTH CAUSE OF ACTION

### Battery against Defendants Rios, Kuet and Does 1-50

79.     Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference.

80.     Defendants acted with an intent to cause harmful or offensive contact with the Plaintiff and the intended harmful or offensive contact did in fact occur.

81.     The harmful or offensive contact was not privileged nor consented to.

82.     As a result of the Defendants' intent to cause harmful or offensive contact with Plaintiff and the fact that the intended harmful or offensive contact did in fact occur, Plaintiff has suffered damages according to proof at the time of trial.

83.     Defendants' conduct also amounts to oppression, fraud or malice and punitive damages should be assessed against them for the purpose of punishment and for the sake of example.

## NINTH CAUSE OF ACTION

**Intentional Infliction of Emotional Distress against Defendants Rios, Kuet and Does 1-50**

84.     Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference.

85.     By engaging in the acts alleged herein, Defendants Rios, Kuet and Does 1-50 engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

86.     As a direct, proximate and foreseeable result, Plaintiff suffered severe emotional distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiff.

87.     The conduct of Defendants also amounts to oppression, fraud or malice and punitive damages should be assessed against Defendants for the purpose of punishment and for the sake of example.

## TENTH CAUSE OF ACTION

**Negligence against All Defendants**

88.     Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference.

89.     Defendants had a duty to Plaintiff to act with ordinary care and prudence so as not to cause harm or injury to another.

90.     By engaging in the acts alleged herein, Defendants Rios. Kuet and Does 1-50 failed to act with ordinary care and breached their duty of care owed to Plaintiff.

///

91.     Defendants Rios, Kuet, and City of Torrance  failed to act with ordinary care in failing to properly train and supervise their officer3s with respect to proper procedures on detention and arrest of citizens and  the use of force in effectuating arrests.

92.     As a direct, proximate and foreseeable result of defendants' breach of their duty of care, Plaintiff suffered damages in an amount according to proof at the time of trial.

### ELEVENTH CAUSE OF ACTION

**(Civil Rights Action (42 U.S.C. § 1983) Against Defendants Eve Irvine CITY OF**

**TORRANCE and Does 1-20 For Failure to Properly Screen and Hire)**

93.     Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference.

94.     The defendants, Eve Irvine, the chief of police and policy maker, the City of Torrance, their agents, servants and employees failed to adequately and properly screen and hire the defendant employees.

95.     The failure of these defendants to properly screen and hire the defendant police officers as a matter of policy, custom and practice, in the exercise of their functions, was deliberately indifferent to the constitutional rights of Plaintiff and done with conscious disregard for the dangers of harm and injury to the plaintiff and others similarly situated.

96.     Due to the acts of the defendants, the failure to properly screen and hire police officers and the continued employment of the defendant police officers present a clear and present danger to the residents of the County of Los Angeles.

97.     The lack of adequate screening and hiring practices by the defendants evince deliberate indifference to the rights of Plaintiff and others in their position.

98.     These hiring practices led to the employment of defendants Rios and Kuet and caused the harms suffered by the Plaintiff in this case.

99.     As a result of Defendants' actions, Plaintiff suffered physical and psychological injuries.

///

///

## TWELTH CAUSE OF ACTION

### (Civil Rights Action (42 U.S.C. § 1983)

### For Failure to Properly Train Against Defendants Eve Irvine , CITY OF TORRANCE

### and Does 1-20)

100.   Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference.

101.   The defendants Eve Irvine and the City of Torrance, as a matter of custom, practice and policy, failed to maintain adequate and proper training as to the constitutional rights of citizens and arrestees; to prevent the consistent and systematic use of excessive force; and to prevent extra judicial punishment by officers.

102.   Defendants failed to provide adequate training to police officers on the proper protocol and procedure on detention and arrest of citizens and the use of force in effectuating arrests.

103.   Therefore, these defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

104.   The failure to promulgate or maintain constitutionally adequate training was done with deliberate indifference to the rights of Plaintiff and others in their position.

105.   The constitutionality infirm lack of adequate training as to the officers in this case caused Plaintiff' damages.

106.   As a result of Defendants' actions, Plaintiff suffered physical and psychological injuries.

## THIRTEENTH CAUSE OF ACTION

### (Civil Rights Action (42 U.S.C. § 1983) For Failure to Supervise and Discipline Against

### Defendants Eve Irvine, CITY OF TORRANCE and Does 1-20)

107.   Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference.

///

///

108.   Defendants, Eve Irvine and City of Torrance, as a matter of custom, practice and policy, failed to supervise police officers to prevent, deter and punish the unconstitutional and excessive use of force.

109.   Upon information and belief, the defendants knew or should have known of the dangerous propensities of defendants Rios and Kuet but took no steps to supervise them, correct their abuse of authority, or discourage their unlawful use of authority.

110.   To the contrary, defendants condoned and acquiesced in the abusive behavior of police officers by refusing to retrain them, discipline them, or correct their abusive behavior.

111.   Defendants Rios and Kuet were not disciplined for their use of force on Plaintiff MATTHEW CARROLL.

112.   Defendants were or should have been aware that the policy regarding supervision and discipline of officer3s who violated the civil rights of the citizens and commit assault and battery was so inadequate that it was obvious that a failure to correct it would result in further incidents of dangerous and lawless conduct perpetrated by their officers.

113.   The constitutionally deficient investigation and lack of discipline was done with deliberate indifference to the rights of Plaintiff and others in their position.

114.   The lack of adequate supervision and discipline caused Plaintiff' damages.

115.   As a result of Defendants' actions, Plaintiff suffered physical and psychological injuries.

## FOURTEENTH CAUSE OF ACCTION

### (*Monell* Municipal Liability Civil Rights Action (42 U.S.C. § 1983)

### Against Defendant CITY OF TORRANCE)

### Policy of Use of Excessive Force

116.   Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference.

///

///

///

117.     Defendant City of Torrance promulgated and maintained an unconstitutional policy, ordinance or regulation which allowed its police officers to immediately grab a citizen arm and twist it in a violent manner until the elbow is dislocate in violation of the rights of citizens.

118.     Defendant was deliberately indifferent to the widespread misconduct on the part of Torrance police officers in detaining citizens who had committed no crimes.

119.     Defendant was deliberately indifferent to the widespread misconduct on the part of Torrance police officers in the application of unnecessary and excessive use of force.

120.     Defendant was deliberately indifferent to the widespread use of violent force by its officers and failed to set forth appropriate policy regarding the use of violent force as required by *Bryan v. MacPherson,* 590 F.3d 767 (9th Cir. 2009).

121.     During the relevant period, defendant police officers, Rios and Kuet and Does 1 through 20, were acting pursuant the policy of defendant Torrance Police Department.

122.     Defendant knew or should have known of the risks posed by the Department's policies regarding the improper and excessive use of violent force.

123.     The defendant was deliberately indifferent to the right of MATTHEW CARROLL to be free from, and protected from, harm by the brutality of police officers and to be secure in his bodily integrity.

124.     As a direct result, Plaintiff was battered, intentionally and negligently inflicted with emotional distress and his Constitutional rights were violated.

125.     The unlawful and illegal conduct of the defendant deprived Plaintiff of the rights privileges and immunities secured to him by the Constitution of the United States and of the State of California.

126.     As a direct, proximate and foreseeable result, Plaintiff suffered damages in an amount according to proof at the time of trial.

///

///

///

## FIFTEENTH CAUSE OF ACTION

### (California Civil Rights Violation (Section 52.1) against all defendants)

127.   Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference.

128.   Plaintiff had a firmly established right to be free from excessive force under the Fourth Amendment through the Fourteenth Amendment to the United States Constitution and the equivalent provisions of the California Constitution.

129.   The California Legislature has declared that it violates our state civil rights act for any person to interfere with the exercise or enjoyment by any individual of his rights secured by the United States Constitution or state or federal law.   This includes any interference of these rights by threats, intimidation, coercion or attempted threats, intimidation or coercion.

130.   The Defendants interfered with Plaintiff's rights under the Fourth Amendment of the United States Constitution and the equivalent provisions of the state Constitution by the use of force alleged above.

131.   This interference with Plaintiff's rights was perpetrated by the Defendants in violation of California Civil Code § 52.1 and their right under the Fourth and Fourteenth Amendments to be free from excessive force under the Fourth Amendment and the Fourteenth Amendment to the United States Constitution and the California Constitution.

132.   Due to the violation of Plaintiff's rights by all Defendants, Plaintiff suffered economic damages and non-economic damages, including, but not limited to, emotional distress, pain and suffering, medical expenses and fear caused by the acts complained of herein according to proof at the time of trial.

133.   Plaintiff is also entitled to the statutory civil penalties set forth in Civil Code § 52.1, attorneys' fees and costs of suit incurred herein.

134.   The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of Civil Code Section 3294 *et seq.* and punitive damages should be assessed against each non-municipal defendant for the purpose of punishment and for the sake of

1  example. Defendant City of Torrance is liable for the acts of its officers as they have agreed
2  with and or ratified the acts.

3                          **SIXTEENTH CAUSE OF ACTION**

4                              **[INJUNCTIVE RELIEF]**

5         135.    Plaintiff realleges all prior paragraphs of this complaint and incorporate the
6  same herein by this reference.

7         136.    Plaintiff is informed and believes and thereon alleges that, unless enjoined,
8  defendants will continue to engage in the unlawful acts and in the policies and practices
9  described above, in violation of the legal and constitutional rights of the Plaintiff and others
10 who are similarly situated.

11        137.    Plaintiff faces the real and immediate threats of repeated and irreparable injury
12 and continuing, present adverse effects as a result of the unlawful misconduct, policies and
13 practices of the defendants. Plaintiff has no adequate and complete remedy at law.

14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment as follows:

1.      Directing Defendants to set forth policies and procedures as may be necessary and proper with respect to the use of force when attempting to effectuate a lawful arrest.

2.      Entering judgment for compensatory general and special damages in an amount in accordance with proof.

3.      Entering judgment for exemplary damages against each of the individual defendants in an amount sufficient to punish and to make an example of said defendants, and to deter said defendants and others from engaging in similar conduct.

4.      Awarding reasonable attorneys' fees, expenses, and costs of suit.

5.      Granting such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Dated:

Respectfully submitted,

_____

Matthew Carroll

Matthew Eamill  DC 1104
C/B 222, L.P.C.C.
5501 North La Palma Road
Eloy Az  85131



US POSTAGE
$02.89⁰
Mailed From 85131
03/30/2018
031A 0005181458

Legal mail



RECEIVED
CLERK, U.S. DISTRICT COURT

APR - 2 2018

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

United States District Court
Central District of California
312 North Spring Street. Rm 6.8
Los Angeles CA
90012

rK

