PATRICK Q. SULLIVAN (#179922)
City Attorney
TATIA Y. STRADER (#198735
Assistant City Attorney
**DELLA THOMPSON-BELL (#224846)**
**Deputy City Attorney**
3031 Torrance Blvd.
Torrance, CA  90503-5059
Telephone: (310) 618-5810
Direct Dial: (310) 618-2745
Fax: (310) 618-5813

**Attorney for Defendant**
**City of Torrance Former Employee**
**ADAM RIOS**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW CARROLL,<br><br>          Plaintiff,<br><br>     v.<br><br>ADAM RIOS,<br><br>          Defendants. | **CASE NO. 2:18-CV-02799-MWF(MAA)**<br><br>**Hon. Michael W. Fitzgerald**<br>**Courtroom 5A – First Street**<br><br>**Hon. Maria A. Audero, Magistrate Judge**<br>**Courtroom 690 – Roybal**<br><br>**ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>*Complaint filed: August 31, 2018* |

        Defendant ADAM RIOS ("Defendant"), answer Plaintiff MATTHEW

CARROLL'S ("Plaintiff") Second Amended Complaint as follows:

///

///

00198908.DOC                                       1

**ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

1       1.      In answer to Paragraph A1, answering Defendant is without sufficient

2    knowledge or information to form a belief as to the truth of all allegations contained

3    in such paragraph, and on that basis, answering Defendant denies each and every

4    allegation contained in paragraph A1.

5       2.      In answer to paragraph C1, answering Defendant admits that at all times

6    mentioned in Plaintiff's Complaint answering Defendant was a police officer

7    employed by the Torrance Police Department. Except as otherwise expressly

8    admitted, answering Defendant denies all remaining allegations contained in

9    paragraph C1.

10      3.      In answer to Paragraph D, answering Defendant admits that on April 3,

11   2017, Officer Adam Rios was employed by the City of Torrance as a Torrance Police

12   Department Officer assigned to the Patrol Division when he participated in the arrest

13   of Plaintiff after Plaintiff was involved in a pursuit that concluded in a traffic

14   collision. Defendant further admits that Plaintiff was injured during the events

15   described in this paragraph.  Except as otherwise expressly admitted, Defendant

16   denies each and every allegation contained in paragraph D.

17      4.      In answer to Paragraph E, answering Defendant denies each and every

18   allegation contained in paragraph E.

### FIRST AFFIRMATIVE DEFENSE

19

20      5.      As an affirmative defense, answering Defendant alleges that

21   each and every cause of action contained in the complaint fails to state facts sufficient

22   to state a claim for relief.

### SECOND AFFIRMATIVE DEFENSE

23

24      6.      As an affirmative defense, answering Defendant alleges that the

25   acts, actions and conduct of the Plaintiff, and/or third parties directly and proximately

26   caused Plaintiff's injuries and/or damages, if any.  Therefore, Plaintiff is not entitled

27   to damages or any other relief from answering Defendant.

28   ///

**ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

## THIRD AFFIRMATIVE DEFENSE

7.     As an affirmative defense, answering Defendant alleges that the conduct, misconduct and/or negligence of Plaintiff caused and contributed to any alleged damages which may have been sustained by Plaintiff, and by reason thereof, Plaintiff should be barred from recovery, or in the alternative, should have any recovery diminished by the amount of percentage that said conduct, misconduct or negligence caused or contributed to the alleged damages, should they be proven.

## FOURTH AFFIRMATIVE DEFENSE

8.     As an affirmative defense, answering Defendant allege that Plaintiff is barred from recovery herein, in whole or in part, by reason of failure to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

9.     As an affirmative defense, answering Defendant alleges that at all times material hereto answering Defendant acted in an objectively reasonable manner and is entitled to qualified immunity as a defense to actions brought as civil rights violations under 42 U.S.C. section 1983.

## FIFTH AFFIRMATIVE DEFENSE

10.     As an affirmative defense, answering Defendant alleges that answering Defendant was at all times mentioned in Plaintiff's complaint a duly qualified and appointed police officer for the City of Torrance engaged in the performance of his regularly assigned duties.

## SIXTH AFFIRMATIVE DEFENSE

11.     As an affirmative defense, answering Defendant alleges that answering Defendant acted in good faith and without malice and that answering Defendant acted within the scope of his duties as police officers.

///

///

///

00198908.DOC                                     3

**ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

### SEVENTH AFFIRMATIVE DEFENSE

12.      As an affirmative defense, answering Defendant alleges that the actions of answering Defendant was reasonable, proper and lawful and that probable cause existed not only for the initial initiation of a traffic stop, but also the ensuing pursuit, detention and ultimate arrest of Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

13.      As an affirmative defense, answering Defendant alleges if Plaintiff suffered or sustained any loss, damage or injury, the same was the direct and proximate result of the Plaintiffs knowingly assuming the risk.

### NINTH AFFIRMATIVE DEFENSE

14.      As an affirmative defense, answering Defendant alleges that Plaintiff is barred from recovery herein, in whole or in part, by reason of the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

15.      As an affirmative defense, answering Defendants allege that Plaintiff is barred from recovery herein, in whole or in part, by reason of the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

16.      As an affirmative defense, answering Defendants allege that pursuant to California Vehicle Code section 17004.7, answering Defendants are immune from liability.

### TWELETH AFFIRMATIVE DEFENSE

17.      As an affirmative defense, answering Defendant alleges that Plaintiff is barred from recovery herein, in whole or in part, by reason of the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

18.      As an affirmative defense, answering Defendant alleges that Plaintiff's claim is barred by the relevant statute of limitations.

///

///

00198908.DOC                                          4

**ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

**RESERVATION OF AFFIRMATIVE DEFENSES**

19.    Answering Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, answering Defendant reserves the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be appropriate.

**PRAYER FOR RELIEF**

**WHEREFORE,** answering Defendant pray as follows:

1.   That Plaintiff take nothing by his action;

2.   That answering Defendant be awarded attorney's fees and costs of suit incurred herein; and,

3.   That answering Defendant be awarded for such other and further relief as the Court deems proper and just.


Dated: June 25, 2019                    PATRICK Q. SULLIVAN,
                                        City Attorney


                                        By:        /s/
                                            Della Thompson-Bell
                                            Deputy City Attorney
                                            Attorney for Defendant
                                            Adam Rios

00198908.DOC                              5

**ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Answering Defendant hereby makes a demand for a trial before a jury on all issues presented by Plaintiff's Second Amended Complaint that are or may be triable to a jury pursuant to Federal Rules of Civil Procedure, Rule 38 (b) and all applicable Local Rules of the United States District Court, Central District of California.


Dated: June 25, 2019                                     PATRICK Q. SULLIVAN,
                                                                              City Attorney


                                                         By:              /s/
                                                                      Della Thompson-Bell
                                                                      Deputy City Attorney
                                                                      Attorney for Defendant
                                                                      Adam Officer Rios

00198908.DOC                                              6

**ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

**PROOF OF SERVICE**
*Matthew Carroll v. Adam Rios, et al.*
*USDC 2:18-cv-02799-MWF (MAA)*

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

SS

     I am employed in the county of Los Angeles, State of California.  I, the undersigned, declare that I am over 18 years of age and not a party to the within cause.  My business address is 3031 Torrance Boulevard, Torrance, California  90503.  On this date, I served the attached document described as:

**ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

     on the person(s) identified below, by placing a true copy thereof in a sealed envelope addressed to the following:

     Matthew Carroll
     1938 Leland Street
     San Pedro, CA 90731

     By the following means:

     (**X**) **MAIL**:  I am "readily familiar" with the City's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage placed thereon, fully pre-paid at Torrance, California in the ordinary course of business.  I am aware that, on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.
     (  ) **PERSONAL SERVICE:**  By causing a true copy thereof, enclosed in a sealed envelope, to be delivered by hand to the addressee(s) shown above.
     (  ) **FEDERAL EXPRESS:**  I caused such envelope to be delivered to Federal Express for overnight courier service to the mailing address of the addressee(s).
     (  ) **BY FACSIMILE:**  By transmitting a true copy(ies) thereof by facsimile from facsimile number (310) 618-5813 to the interested party(ies) to said action at the facsimile number (s) shown above.
     (  ) **STATE:**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
     (**X**) **FEDERAL:**  I declare that I am employed in the office a member of the bar of this court at whose direction the service was made.

     I certify under penalty of perjury that the foregoing is true and correct.

     Executed on June 28, 2019, at Torrance, California.

                   **J. CORONA**

[00196963.DOC]     -1-